JAMES V. LAWRENCE and WILLIAM F. LAWRENCE, Respondents, *v.* EDWARD THOMPSON, Defendant; MARY H. THOMPSON, Appellant.

*Evidence to establish a partnership — declarations made in the absence of the alleged partner — a witness' understanding as to the person referred to is incompetent.*

Declarations of a husband, made in the absence of his wife, tending to show that they were partners, are not competent, as against the wife, to establish that relation; nor can a witness be permitted to testify that he understood that the husband, in making such declarations, used the word "we" as including his wife.

APPEAL by the defendant, Mary H. Thompson, from a judgment of the City Court of Yonkers in favor of the plaintiffs, entered in the office of the clerk of said court on the 9th day of December, 1896, upon the verdict of a jury, and also from an order bearing date the 8th day of January, 1897, and entered in said clerk's office, denying said defendant's motion for a new trial made upon the minutes.

*William J. Marshall,* for the appellant.

*I. J. Beaudrias,* for the respondents.

PER CURIAM:

The action was brought to recover a balance due for goods sold and delivered to the firm of E. Thompson & Co., which firm the complaint charged was composed of the defendants. Mary H. Thompson, alone, answered and defended, denying the partnership and her liability. Assuming that there was enough shown on the trial to justify the submission to the jury of the question of the defendant Mary H. Thompson's interest in the firm, it is clear that a mass of incompetent evidence was admitted, only a single instance of which it is necessary to recite. A witness for the plaintiff was permitted to give the following testimony as to declarations of that defendant's husband, made in her absence: " Q. And, in speaking

of that unfinished work, do you know whether or not he used the language, ' I ' or ' we have that work ? '  A. I think he always used ' we.'  Q. From all the questions of Mr. Thompson and his wife and your dealings and conversations with him, who did you understand ' we ' meant ?  A. Well, I understood and always believed that it was his wife.  I didn't know of anybody else at that time."  The declarations of the husband were not competent as against his wife, and even had they been made in the presence of the wife, so as to bind her, the witness should not have been permitted to testify to his understanding of their effect.  The declarations themselves should have been proved, and if there was any doubt as to their meaning, or as to what persons or to what matters they referred, the question of the meaning or reference was for the jury, not for the witness.  Both questions were objected to, and the testimony admitted over the defendant's objection and exception.  This was plainly error.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and new trial granted, costs to abide the event.